BROWN and others *vs.* CROWL.

*False imprisonment* will not lie against a plaintiff who insists in a justice's
court that he is entitled to a *general* judgment against a defendant, notwith-
standing an insolvent discharge exempting the body of the defendant from
execution, obtains such judgment and procures an execution to be issued
on which the defendant is arrested.

Although the judgment be erroneous, the point having been discussed and
*judicially* decided, the plaintiff is protected by the judgment.

Where resort is had to management or artifice to deprive a defendant of the
benefit of exemption from execution against his body, *it seems* the action
will lie.

ERROR from the Madison common pleas. Brown and his
co-plaintiffs, as trustees of a school district, had obtained a
judgment against Crowl for $3 $\frac{36}{100}$ for a school tax. After
the judgment, Crowl obtained a discharge as an insolvent
debtor, exempting his body from imprisonment, and subse-
quent to obtaining such discharge, he was called on by a
constable who held an execution against him on the judg-
ment to pay it. He told the constable he would pay it as
soon as he got able. The constable informed the plaintiffs
of the new promise, and *they* directed him to obtain a sum-
mons and serve it on Crowl. The summons was obtained
and served; Crowl appeared and pleaded his insolvent dis-
charge. Brown appeared in behalf of himself and his co-
plaintiffs, and insisted that they were entitled to a *general*
judgment under the new promise, so that they might have an
execution against the body of the defendant. After the evi-
dence was closed, Brown told the justice that if it was ille-
gal, he did not want a judgment or execution against the body
of the ,defendant. The justice entered a *general* judgment
and issued execution thereon, by virtue of which the defend-
ant was arrested. For this arrest an action of false impris-
onment was brought by Crowl against Brown and his co-
plaintiffs, (Lyon and Howard.) After these facts appeared
on the trial in the common pleas, the counsel for the de-
fendants insisted, 1. That the justice had jurisdiction to
render a general judgment, and that if such judgment was

erroneous, it was not void, and was therefore a protection to the defendants; 2. That Brown not having requested the issuing of the execution, otherwise than in what was said by him on the trial of the cause, the defendants were not liable for the issuing thereof; and 3. That at all events, if the action did lie, Brown alone was liable, and not his co-plaintiffs. On the first and third points, the court charged in favor of the plaintiff, and on the second point submitted the question to the jury to determine whether the execution was or was not issued with the assent of the plaintiffs therein. The defendants excepted, and the jury found a verdict for the plaintiff, on which judgment was entered.

UTICA, July, 1830.

Brown. v. Crowl.

*P. Gridley*, for plaintiffs in error.

*J. A. Spencer*, for defendant in error.

*By the Court*, Savage, Ch. J. It appeared from the evidence, that all the defendants below had directed a new suit before the justice, expressly for the purpose of imprisoning the plaintiff. They had a judgment against him an execution against his property when he was discharged. A new judgment could not be desired for any other purpose than to imprison him, and the evidence is that the new suit was brought for that purpose alone. It is clear, therefore, that if an action lies at all, it lies against all. In this respect this case is not like *Percival* v. *Jones*, 2 *Johns. Cas.* 51, and *Taylor* v. *Trask*, 7 *Cowen*, 249. In those cases the justice issued such execution as he thought proper, without any special direction from the party; but here, the very object of the suit was to obtain execution against the person, and that point was discussed at the trial.

The only question then is, whether the second judgment was a protection to the parties? It was valid until reversed, although erroneous. The justice had jurisdiction of the cause and of the person, and in admitting or excluding any defence which affected the plaintiffs' remedies, he acted judicially. The defendant before the justice had a perfect remedy either by appeal or certiorari. In this respect this case differs essentially from those referred to. Here the question was agi-

tated in court and judicially decided ; in those cases, the right to an execution was not a question judicially acted on by the justice. In issuing executions, where the defendant was exempted from imprisonment, the justice acted ministerially ; the grounds of that exemption were to be shewn to the justice after the judgment was entered, and formed no part of the *res gestæ* in the suit. In such cases the defendant had no other remedy ; no appeal or certiorari would lie because the justice entered a general judgment which could have been in no other form. The case of *Delvin* v. *Churm*, referred to by the defendant's counsel, was decided in August, 1823, on the same principle. The act of 1819, *sess.* 42, *p.* 118, had provided that no householder, not being a freeholder, should be imprisoned for a debt under $10, provided he shewed at the time of rendering judgment that he was within the provisions of the act. When judgment was recovered against Delvin before the justice, he attempted by his counsel to avail himself of this provision, and though he did not produce the proof required by the statute, it appeared that he was prevented from doing so by some management on behalf of the plaintiff. The justice thought the claim to exemption was not in season, though made. before the execution was filled up. This is my recollection of that case, which may be imperfect, having been decided several years since. At all events, it must have been decided upon the ground that the judgment was regular and the execution irregular, upon the same principle which governed the decision in *Percival* v. *Jones ;* and the action was held to lie against the plaintiff before the justice, because he was active in taking out the execution and imprisoning the defendant, with knowledge of the irregularity. This case seems to me to be entirely different, and to depend upon a different principle ; here the liability of the defendant's imprisonment was the point before the justice ; it was judicially decided by him, though erroneously ; but the error should have been corrected, either by appeal or certiorari, according to the circumstances of the case.

I am of opinion, therefore, that the judgement, while unreversed, justified the execution, and that no action lies for false imprisonment.

Judgment reversed.