## CHARLES W. MORRILL *vs.* CALEB LAMSON.

Essex.    November 5. — 11, 1884.    FIELD & C. ALLEN, JJ., absent.

An attorney at law, who places his name under the words, "From the office of," on the back of a writ in favor of a resident of another State, is liable, as indorser, for costs.

If an attorney at law indorses a writ in favor of a resident of another State, he cannot set up in defence to a *scire facias* to enforce a judgment for costs awarded against such party, that, in so doing, he violated a rule of the court, prohibiting an attorney from becoming bail or surety in any civil suit or proceeding in which he is employed as such attorney.

SCIRE FACIAS against an attorney at law, as indorser of a writ. At the trial in the Superior Court, it appeared that the defendant made a writ against the plaintiff, a deputy of the sheriff of Essex, in favor of a resident of another State; that on the original writ, under the words "From the office of," the name of the defendant was indorsed; that no motion was made for an indorser in the original action; that the defendant caused the action to be entered in court; that judgment therein was

rendered for the present plaintiff; and that an execution for costs issued, which was returned unsatisfied.

On these facts, judgment was ordered for the plaintiff; and the defendant appealed to this court.

- *C. Lamson, pro se*, relied upon the last clause of Rule 2 of the Superior Court, which provides that "No attorney shall give bail or recognize as principal or surety in any criminal matter in which he is employed as counsel or attorney, nor shall he become bail or surety in any civil suit or proceeding."

*D. L. Withington*, for the plaintiff.

BY THE COURT. The indorsement on the back of the writ, "From the office of Caleb Lamson," subjected the defendant to all the legal liabilities of an indorser of the writ, under the Pub. Sts. *c.* 161, § 24. *Wheeler* v. *Lynde*, 1 Allen, 402, and cases cited.

If the second rule of the Superior Court has any application to the case, which we need not decide, it furnishes no defence. The defendant cannot relieve himself from the liability he assumed by indorsing the writ, by showing that, in doing this, he violated his duty to the court.                *Judgment affirmed.*