RUTH WINCHESTER *vs.* HIRAM M. EVERETT.

Oxford. Opinion October 12, 1888.

*Married woman. Arrest. False imprisonment. Trespass.*

A judgment creditor is not liable in trespass for refusing, on notice that his judgment debtor is a married woman, to release her from arrest already made by an officer on an execution regularly issued on a judgment recovered against her as a single woman before a court having complete jurisdiction.

ON exceptions.

An action of trespass for an alleged unlawful arrest and in detention of the plaintiff, on an execution issued on a judgment recovered before the municipal court of Norway, in favor of this defendant and against this plaintiff.

The point raised by the exceptions is stated in the opinion.

*James S. Wright,* for plaintiff.

The action is not against the officer making the arrest, or one aiding the officer, but is against the principal who caused the arrest to be made. The plaintiff in this action was not liable to arrest in the former action, being then and there a married woman, and the law prohibited her arrest. R. S., c. 61, §§ 4 and 5.

The execution was irregularly obtained in the form it was, in that it ran against her body, contrary to law.

"Where an arrest is made upon legal process, regular upon its face, and therefore sufficient to justify an officer, but which has been fraudulently or irregularly obtained and issued, the party who procures it, and directs it or causes it to be served, is not justified by it. He is bound to see to it, before he sets the law in motion, that the process he obtains is regular and valid; and if it is not, he is

liable in an action of tort in the nature of trespass." *Cassier* v. *Fales*, 139 Mass. 462 ; *Emery* v. *Hapgood*, 7 Gray, 55 ; *Cody* v. *Adams*, 7 Gray, 59.

If the defendant was not liable for the arrest in the first instance, there can be no doubt but that he became liable when he had knowledge of the privilege ; and for her subsequent detention. See Hilliard on Torts, Vol. 1, Ch. 6, p. 231.

In the case of *Curry* v. *Pringle*, 11 Johns. 444, New York reports, the action for false imprisonment was sustained against the party at whose instance the arrest was made, by one who was privileged, as being a man with a family. See also *Gold* v. *Bissell*, 1 Wend. 210 ; Blake's Case, 106 Mass. 504.

In *Hubbard* v. *Sanborn*, 2 N. H. 468, RICHARDSON, C. J., in his opinion, gives as a reason why the plaintiff in the action where the arrest was made would not be liable, "because the arrest may be without his knowledge."

The question of marriage was settled by the jury ; and submitting to the process of disclosure to procure her release was not a waiver of any rights to redress. See 129 Mass. p. 40.

*F. O. Purington, and Savage and Oakes*, for defendant, cited : *Cassier* v. *Fales*, 139 Mass. 462 ; *Belk* v. *Broadbent*, 3 T. R. 183 ; *Marks* v. *Townsend*, 97 N. Y. 590 ; *McGuinty* v. *Herrick*, 5 Wend. 240 ; *Scott* v. *Shepherd*, 1 Smith Lead. Cas. 764 ; 1 Hilliard, Torts. p. 198, § § 3, 12, 13 ; *Blanchard* v. *Goss*, 2 N. H. 491 ; *Kimball* v. *Molony*, 3 N. H. 378 ; *Williams* v. *Smith*, 14 C. B. 596 ; Waite's, Actions and Defences, "False Imprisonment." *Deyo* v. *Van Valkenburgh*, 5 Hill. 242 ; 5 Vt. 588.

VIRGIN, J. This bill of exceptions presents the question : Whether a judgment creditor is liable in trespass for refusing, on notice that his debtor is a married woman, to release her from arrest already made by an officer on an execution regularly issued on a judgment recovered against her as a single woman before a court having complete jurisdiction.

When the judgment was recovered, execution issued and the arrest made, the statute provided that "no person shall be

arrested on an execution issued on a judgment founded on a contract, when the debt is less than ten dollars," (R. S., c. 113, § 19) and "in all other cases, except where express provision is by law made to the contrary, an execution shall run against the body of the judgment debtor, and he may be imprisoned thereon." R. S., c. 113, § 20. To this general provision an "express provision is by law made to the contrary" by R. S., c. 61, § § 4 and 5, which provide in substance that, a married woman may make contracts for any lawful purpose, prosecute suits at law or in equity, and her property may be attached and taken on execution, but "she cannot be arrested on writ or execution." Yet as the judgment was founded on a lawful contract and the debt was not less than ten dollars, her arrest would have been strictly in accordance with the foregoing statutory provisions, provided she had been in fact a "single woman" as she was described in the original writ, judgment and execution.

Does it necessarily follow that her arrest can be the foundation of an action for false imprisonment because she was in fact a married woman when arrested and the statute absolutely exempted her from arrest? Had she been described as a married woman in the execution it might have been void on its face and her arrest unauthorized the same as if the debt were less than that which authorizes the execution to run against the body. *Green* v. *Morse*, 5 Maine, 292 ; *Smith* v. *Cattel*, 2 Wils. 376. *Brooks* v. *Hodgkinson*, 4 Hurl. & N. 712 ; which is not this case.

For the execution on which she was arrested described her as a "single woman ;" personal service of the writ was made on her and she appeared by counsel ; and without making any suggestion that she was in fact other than as described in the writ, she suffered the action, after several continuances, to go to judgment on default, and only suggested her coverture after she was arrested and taken to the place where the jail was situated.

The execution being "fair on its face," and having been issued by a tribunal having complete jurisdiction of the subject of the suit and of the parties, the officer was protected in following its mandate ; for when armed with such a process, the justification

of the officer is essential to the securing of a due, prompt and energetic execution of the law's behests. *Cameron* v. *Lightfoot*, 2. W. Black. 1190; *Nichols* v. *Thomas*, 4 Mass. 232; *State* v. *McNally*, 34 Maine, 210; *Gray* v. *Kimball*, 42 Maine, 299; *Savacool* v. *Boughton*, 5 Wend. 170; *Erskine* v. *Hohnbach*, 14 Wall. 613.

At an early day the English courts and more recently many of the courts in the United States have had before them numerous cases of false imprisonment against the respective parties who caused the arrests, in which three distinct principles have been enunciated:

1.   A writ on execution void for want of jurisdiction or otherwise can be no justification to a party thereto for any action under it.   As where the debtor was arrested on a writ or execution wherein the debt was less than that authorizing an arrest.   *Green* v. *Morse, supra*; *Smith* v. *Cattel, supra.*   Or where an administratrix was arrested on an execution without suggestion of *devastavit.*   *Barker* v. *Braham*, 3 Wils. 368.   Or where a term intervened between the teste and the return of a writ on which the defendant was arrested.   *Parsons* v. *Loyd*, 3 Wils. 341.   So in case of arrest on execution issued after the judgment was paid.   *Bates* v. *Pilling*, 6 B. & C. 38; or discharged under the insolvency statute.   *Deyo* v. *Van Valkenburgh*, 5 Hill. (N. Y.) 242, although in the latter case, it seems, the officer would not be liable even if the defendant showed his discharge before the arrest.   *Willmarth* v. *Burt*, 7 Met. 257.

2.   Where a process is not void, but only voidable for some irregularity in issuing it, the party is justified for acts done in accordance with it, provided it is never actually superseded; but when it is set aside for the irregularity, the party at whose instance it was issued becomes a trespasser for acts done under it while in force as if no process had ever issued.   Thus in trespass for false imprisonment of a certified bankrupt, BULLER, J., said: "The original plaintiff would not be liable to an action of trespass till the writ is superseded, for till then it is a justification; after a supersedeas trespass will lie against the party, but still not against the sheriff.   I take this to have been settled over

and over again." *Tarlton* v. *Fisher*, 2 Doug. 671, 677; *Prentice* v. *Harrison*, 4 A. & E. (N. S.) 850. So where an execu-, tion is issued against an absent defendant without filing bond pursuant to statute, it is good till superseded. *Gard. Manf. Co.* v. *Heald*, 5 Maine, 381. So where the debtor was arrested on an execution issued more than a year after the date of the judgment, without a *sci. fa.* to revive it. *Codrington* v. *Lloyd*, 8 A. & E. 449; *Blanchenay* v. *Burt*, 4 A. & E. (N. S.) 707; *Kerr* v. *Mount*, 28 N. Y. 659 and cases there cited.

3. When the process is neither irregular nor void, but is simply erroneous, then the party is forever protected for whatever he had done under it before it is reversed. This rule has been said to be founded in public policy, that parties may be induced freely to resort to the courts for the enforcement of their rights and the remedy of their grievances without the risk of undue punishment for their own ignorance of the law or for the errors of courts. *Marks* v. *Townsend*, 97 N. Y. 590, 595. "It is incomprehensible," said Lord KENYON, in *Belk* v. *Broadbent*, 3 T. R. 185, "to say that a person shall be considered a trespasser who acts under a process of court." "There is a great difference," remarked Lord Chief Justice DeGREY, "between erroneous process and irregular (that is to say void) process. The first stands valid and good until it be reversed, the latter is an absolute nullity from the beginning. The party may justify under the first until it be reversed, but he cannot under the latter, because it was his own fault that it was irregular and void at first." *Parsons* v. *Loyd*, 3 Wils. 341, 345.

So in *Philips* v. *Biron*, it was said that a plaintiff is not justified by a judgment (process?) set aside for irregularity as he is where reversed on error, "for in case of error it is no fault of the party, but of the court, and therefore binds till reversed." 1 Stra. 509. So, where a process of attachment sued out by a party is afterwards set aside on appeal for error, the party is not liable for trespass under it; but when set aside for irregularity or bad faith in obtaining it may be. *Williams* v. *Smith*, 14 C. B. N. S. (108 E. C. L.) 594. WILLIAMS, J., said: "The master of the Rolls came to the conclusion that the facts warranted the

attachment. That opinion was pronounced by the Lord Justices upon appeal to be erroneous. That brings the case within that class of cases where it has been held that the party causing process to be issued is not responsible for anything that is done under it when the process is afterward set aside, not for irregularity, but for error." WILLS, J., said : "It by no means follows, that because a writ of attachment is set aside, an action for false imprisonment lies against those who procured it to be issued. If that were so, this absurd consequence would follow, that every person concerned in enforcing the execution of a judgment would be held responsible for its correctness. When an execution is set aside on the ground of an erroneous judgment, the plaintiff or his attorney is no more liable to an action than the sheriff who executes the process is. In order to entitle the party against whom process issues to maintain an action for any intermediate acts done under it, he must show that it has been set aside by reason of some misconduct or at least some irregularity on the part of the person who sued it out."

So where a plaintiff, notwithstanding an insolvent discharge exempting the defendant from execution, obtained a general judgment and procured an execution on which the defendant was arrested, the judgment was held to be simply erroneous and protected the plaintiff from an action for false imprisonment. *Brown* v. *Crowl*, 5 Wend. 298. See also *Day* v. *Bach*, 87 N. Y. 56 ; *Marks* v. *Townsend, supra,* and the cases therein cited for illustrations of this rule.

Upon recurring to the process in the case at bar as already seen, the court had full jurisdiction of the subject of the suit as well as of the parties ; that none of the regular judicial methods or rules of practice were omitted from the suing out of the writ to and including the service of the execution ; but all was regular and in strict conformance with the law and facts presented in the case. "The plaintiff's exemption from imprisonment," said MORTON, C. J., in *Cassier* v. *Fales*, 139 Mass. 461, 462, "under the writ arises not from any irregularity or illegality in the writ, but from his personal privilege of infancy." The judgment and execution in this case at most were simply erroneous

so far as they authorizied her arrest, and all by reason of her omission to suggest her coverture when she had ample opportunity to do so. And so long as that judgment remains unreversed any act done under it and in accordance with the execution duly issued on it is protected whether done by the officer or the party. And the fact that this defendant was notified of the coverture was immaterial, for it could not then affect the validity of the judgment. The case of *Cassier* v. *Fales, supra,* we consider to be decisive of this on the ground that the violation of a personal privilege is no ground for an action for false imprisonment. *Deyo* v. *Van Valkenburg, supra* ; *Smith* v. *Jones,* 76 Maine, 138.

We may add that the King's Bench declined to discharge a married woman from arrest on execution where, as in this case, being sued as a *feme sole,* she suffered judgment to go by default and was subsequently arrested on the execution. On application for her discharge, Lord Chief Justice TENTERDEN, said : "She must be left to her writ of error." *Moses* v. *Richardson,* 8 B. & C. 421. This case was followed by *Pool* v. *Canning,* L. R. 2, P. C. 241, where a married woman, being sued as a *feme sole,* pleaded coverture, but failing to sustain the plea by evidence, the verdict was against her. WILLIS, J., said : "There is no authority for extending the power of discharge to the case of one sued as a *feme sole* suffering judgment on default, or to a case of a married woman who pleaded her coverture and allowed the verdict to go against her on trial of that issue."

Moreover this court refused on a writ of error to reverse a judgment rendered on default against a husband and wife, there being nothing in the original writ to indicate the existence of such relation, the court held that she was sued as a *feme sole* ; and having neglected a fair opportunity to plead her coverture and make her defence, she cannot maintain a writ of error to reverse the judgment. *Weston* v. *Palmer,* 51 Maine, 73.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, EMERY and HASKELL, JJ. concurred.