## THOMAS LISABELLE *vs.* ARTHUR HUBERT.

PROVIDENCE—JANUARY 6, 1902.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1)   *False Arrest. Malicious Prosecution. Pleading and Practice. Actions. New Trial.*

Arrest under a writ fair on its face, issued from a court of competent jurisdiction and served by a duly-qualified officer, is not false imprisonment.

A principal who causes an arrest upon lawful process is not liable in an action for false imprisonment, although the action was never entered in court.

*Semble,* the proper remedy for one arrested under such circumstances is an action for malicious prosecution.

TRESPASS for assault and false imprisonment.  Heard on petition of defendant for new trial, and judgment for defendant.

BLODGETT, J.   The defendant petitions for a new trial, after verdict for the plaintiff, upon the following declaration :

" Thomas Lisabelle of Pawtucket in said county, complains of Arthur Hubert, alias John Doe, of Central Falls, in said county, in the custody of the sheriff in an action of trespass for that the said defendant at said Pawtucket on the to wit, 25th day of March, A. D. 1897, with force and arms at said Pawtucket did make an assault upon the body of said plaintiff and him did unlawfully imprison and deprive of his liberty for the space of to wit, —— hours and other wrongs to said plaintiff said defendant then and there did against the peace and to the damage of plaintiff five thousand dollars as laid in his writ dated the 27th day of March, A. D. 1897."

(1)   The testimony shows that Lisabelle was arrested and held to bail by one Wilson, a deputy sheriff, in an action of trespass on March 24, 1897, upon a civil writ in which Hubert was plaintiff, issued from the Common Pleas Division of the Supreme Court for the county of Providence on March 23, 1897, and returnable on April 10, 1897, and that this writ

was never entered in court, and this arrest is the foundation of the present action for false imprisonment.

We are of the opinion that the remedy of the plaintiff, Lisabelle, if any, is by an action for malicious prosecution and not by an action for assault and false imprisonment. The arrest when made was made by a duly qualified officer under process fair on its face, issued from a court of competent jurisdiction. *Hobbs* v *Ray*, 18 R. I. 84.

In *Cassier* v. *Fales*, 139 Mass. p. 463, which was an action for false imprisonment in arresting a minor, the court say : " It is difficult to see how any person can be guilty of a trespass in serving or causing to be served a valid writ or other process of a court. The plaintiff has his remedy by a right to a speedy release upon proper application and by the right to bring an action upon the case if the defendant has maliciously violated his privilege by the arrest. The fact that the plaintiff gave notice of his infancy to the defendant at the time of his arrest is not material. It did not make the writ an illegal process. What might be its importance upon the question of the defendant's malice in another form of action is not for us to consider." And see *Mullen* v. *Brown*, 138 Mass. 115 ; *Marks* v. *Townsend*, 97 N. Y. 596, and cases cited ; and *Winchester* v. *Everett*, 80 Me. 535.

The case must therefore be remanded to the Common Pleas Division, with direction to enter judgment for defendant for costs.

*Franklin P. Owen*, for plaintiff.
*Claude J. Farnsworth*, for defendant.