BENJAMIN JOHNSON *vs.* CHARLES H. SPRAGUE & another.

Suffolk.   November 19, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Practice, Civil,* Indorsement of writ, Taking off default.   *Attorney.*

The words "From the office of" followed by the firm name and address of the attorneys for the plaintiff, placed on the back of a writ by a clerk in the office of the attorneys by means of a rubber stamp, if authorized, are a sufficient indorsement of the writ to make the attorneys liable for costs under Pub. Sts. c. 161, § 24, and, if not originally authorized, may be found to have been ratified by the attorneys entering the writ and appearing in the case.

An attorney at law cannot relieve himself from the liability assumed by his indorsing a writ by showing that in doing this he violated a rule of court.

Notice of a motion to take off a default is good if served on one of a firm of attorneys, who began the action and who after dissolution of their partnership continued to appear as attorneys of record, by serving the notice on a new firm of which the attorney served upon has become a partner and who are in charge of the case.

Whether a judge of his own motion may not take off a default without notice to any one, *quære.*

SCIRE FACIAS, dated September 11, 1901, under Pub. Sts. c. 161, § 24, for costs, against the alleged indorsers of a writ brought by the P. C. Lewis Manufacturing Company, described as a corporation organized under the laws of the State of New York, against Benjamin Johnson, the plaintiff in this case.

In the Superior Court the case was tried before *Lawton,* J., without a jury. It appeared in evidence that the defendants were attorneys at law, and at the time of the alleged indorsement were partners under the firm name of Sprague and Washburn; that a rubber stamp bearing the firm name and address was procured and used by clerks in the office of the defendants for the purpose of showing the business address of the firm. The stamp bore the words " From the office of Sprague and Washburn, 105 Summer Street, Boston." The rubber stamp was used by a clerk in the office of Sprague and Washburn on the back of the writ in the case of *P. C. Lewis Manufacturing Company* v. *Johnson,* and the declaration in that action was written by the clerk, and signed by the defendant Sprague with the firm name. There was no evidence that the clerk had any

instructions or authority from either of the defendants to use the rubber stamp on writs.

The defendant Johnson, the present plaintiff, was defaulted in the action, and, before the motion to remove the default, the partnership of Sprague and Washburn was dissolved. Several days after the default was entered, Johnson's attorney made a motion to remove the default and gave notice of the motion to the firm of Sprague and Messer, Sprague being the defendant Sprague, no other notice of the motion being given. Sprague and Washburn were still attorneys of record in the case, and the firm of Sprague and Messer were not, but were in charge of the case. The motion was opposed by Mr. Messer. The default was removed on the motion, and Johnson, the present plaintiff, afterwards recovered judgment and execution for costs against the P. C. Lewis Manufacturing Company. The execution was returned unsatisfied.

The judge found for the plaintiff; and the defendants alleged exceptions, raising the questions stated by the court.

*C. E. Washburn*, for the defendants.

*J. L. Powers*, for the plaintiff.

MORTON, J. This is a writ of *scire facias* to recover costs of the defendants as indorsers of the writ in an action brought by the P. C. Lewis Manufacturing Company, a corporation established under the laws of New York, and having its place of business at Catskill in that State, against the present plaintiff, who had judgment in that action for his costs. The judge found for the plaintiff in this action, and the case is here on exceptions by the defendants to the admission of certain evidence, and to the refusal of the judge to give certain rulings that were asked for.

The exceptions in regard to the admission of evidence have not been argued and we therefore treat them as waived. The matters now relied on are in substance that the alleged indorsement was made without the authority of the defendants, that it was made for a different purpose, that a firm is not a person within the meaning of the statute, and that the action is against the defendants individually and not as partners. The defendants also contend that even if they are to be regarded as indorsers they were discharged by the subsequent proceedings.

1. The statute requires writs in which the plaintiff is not an

inhabitant of this State to be indorsed before entry by some sufficient person who is such inhabitant. Pub. Sts. c. 161, § 24. R. L. c. 173, § 39. We do not see why an indorsement by a firm would not be sufficient, nor why it would not come within the scope of the business of a firm of practising attorneys. The form of the indorsement was sufficient to bind the defendants if made by them or by their authority, and the fact, if it was a fact, that it was made with a different purpose was immaterial. *Morrill* v. *Lamson*, 138 Mass. 115. *Wheeler* v. *Lynde*, 1 Allen, 402. *Slate* v. *Ackley*, 8 Cush. 98. Even if, as made by the clerk, it was made without their authority, it was competent for the judge to find from the entry of the writ and the other proceedings that the defendants had ratified and adopted it. If there is anything in the objection that the action should have been brought against the defendants as former copartners, the objection should have been taken by plea or answer in abatement. The objection, based upon the rule of the Superior Court, that no attorney shall become bail or surety in any criminal or civil suit or proceeding in which he is employed, is met by *Morrill* v. *Lamson, supra.*

2. We see nothing in the subsequent proceedings that operated to discharge the defendants. The firm of Sprague and Washburn continued to appear of record as attorneys for the plaintiff notwithstanding it had been dissolved. If notice of the motion to take off the default had been served on the defendant Sprague as a member of the firm of Sprague and Washburn it would clearly have been sufficient. The fact that he received it as a member of the firm of Sprague and Messer, who were attorneys in fact of the plaintiff, does not render it any the less notice to him under the circumstances, it seems to us, as a member of the firm of Sprague and Washburn. Further it is doubtful, to say the least, whether the court could not have taken off the default of its own motion without notice to any one. *Ellis* v. *Ginsburg*, 163 Mass. 143.

                                        *Exceptions overruled.*