ADDIE L. SHUTE *vs.* JOSEPHINE M. BILLS & others.

Suffolk.   February 25, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Indorser of writ, Security for costs.

Since the repeal of Pub. Sts. c. 167, § 30, by the enactment of the Revised Laws there has been no law by which a plaintiff residing in this Commonwealth can be required to procure an indorser for costs.

An order of a trial judge that the plaintiff in an action file a bond to secure the costs of the defendant is void, the only method of securing such costs being by an indorser of the writ in cases where this may be required.

An order of a trial judge that the plaintiff in an action file a bond to secure the payment of costs to one of the defendants, for whom at a previous trial of the case the presiding judge ordered a verdict and a judgment for costs was entered, is void, there being no authority to require such a bond.

KNOWLTON, C. J.   This case having been tried three times, once with a verdict for the defendants, once with a disagreement of the jury, and once with a verdict for the plaintiff which was set aside by the court, the defendants moved that the plaintiff be ordered to file a bond with a surety or sureties, to be void on condition that, within thirty days after the final disposition of the case, she should pay any judgment for costs theretofore recovered, or that thereafter might be recovered, by the defendants or any of them. A judgment for costs had been recovered previously in favor of one of the defendants originally joined in the writ, for whom the court had ordered a verdict to be rendered at one of the trials, and this judgment was then unsatisfied. The plaintiff excepted to the order that a bond be filed, and afterwards excepted to the nonsuit which was ordered because of her failure to file a bond.

Provisions for the security of defendants for the payment of costs by a plaintiff who is unsuccessful in his suit are found only in the statutes.    We have long had a law requiring a non-resident plaintiff to furnish an indorser for costs.    From the time of the enactment of the Rev. Sts. c. 90, § 10, until the enactment of the R. L. c. 173, § 39, there was authority in the court, in all cases when it appeared reasonable, to require the plaintiff to procure a sufficient indorser.    Either intentionally or by oversight the provision authorizing this was omitted when the Revised Laws were substituted for the Public Statutes.

The purpose and meaning of the Legislature in regard to the subject of security to defendants for costs were considered in *Fenely* v. *Mahoney*, 21 Pick. 212, and in *Smith* v. *Castles*, 1 Gray, 108, 114.    Since the repeal of the Pub. Sts. c. 167, § 30, by the enactment of the Revised Laws, we know of no law authorizing a requirement that a plaintiff residing in this Commonwealth procure an indorser for costs.

When such security is furnished by one who is lawfully required to furnish it, the statute calls for an indorser, and not for a bond upon a condition.

Nor are we aware of any authority for such a requirement as to a judgment already entered for costs in favor of a defendant for whom a verdict was returned by order of the court.    In both particulars the order was not in conformity with law.

*Exceptions sustained.*

The case was submitted on briefs.

*F. H. Noyes*, for the plaintiff.

*F. N. Nay*, for the defendants.