JAMES F. DOOLEY & another *vs.* ARTHUR E. BEANE.

Suffolk.　November 18, 1912. — February 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Indorser of writ.　*Writ,* Indorser of.

In an action in which the plaintiff is an inhabitant of the Commonwealth the signature of the plaintiff's attorney under the words "From the office of" on the back of the writ is, not an indorsement of the writ making the attorney liable for costs under R. L. c. 173, § 39, and such signature does not become an indorsement if the plaintiff after the action is brought and while it is pending removes from the Commonwealth.　In case of such removal, if the defendant wants an indorser of the writ, he must ask for one under § 41 of the statute, unless the court of its own motion has required the plaintiff to procure such an indorser.

SCIRE FACIAS, against an attorney at law, on an execution for costs issued in favor of the plaintiffs as the defendants in an action at law in which one Charles W. Morris was the plaintiff and in which the defendant in *scire facias* was alleged to be the indorser of the writ.　Writ of *scire facias* dated May 4, 1911.

In the Superior Court the case was submitted to *Pratt,* J., upon an agreed statement of facts, presenting the facts which are stated in the opinion.　The judge ordered judgment for the plaintiffs in the sum of $68.46; and from the judgment so ordered the defendant appealed.

*E. A. Howes, Jr.,* for the defendant.

*T. H. Dowd,* for the plaintiffs.

RUGG, C. J.　This is a *scire facias* brought against the defendant to recover from him costs on the ground that he was indorser of the writ for costs.　The agreed facts are that the defendant, who is an attorney at law, brought an action, in which Davis B. Keniston, Jr., then and continuously since a resident of Boston, was the plaintiff, and in which the present plaintiffs were the defendants.　This action was entered in the Municipal Court of the City of Boston in 1908, and upon the back of the writ was written, "from the office of Arthur E. Beane."　In February, 1909, upon motion, Charles W. Morris, a resident of Massachu-

setts, was substituted as plaintiff. Judgment was entered for the plaintiff in the Municipal Court, and the defendants appealed to the Superior Court, in which the case was entered in April, 1909. Charles W. Morris continued to be a resident of this Commonwealth until after the trial of the action in the Superior Court, in which he testified, but before final judgment was entered for the defendants he removed from and ceased to be a resident of this Commonwealth. At no time during the pendency of the action of Morris *v.* Dooley did the defendants move for an indorser for costs, nor was it ever ordered that the plaintiff in that action should furnish such an indorser. The question is whether upon these facts the defendant Beane was an indorser for costs.

The statute requires that in an action at law, in which the plaintiff is not an inhabitant of this Commonwealth, the writ shall before the entry be indorsed by an inhabitant of the Commonwealth, who shall be liable for costs. R. L. c. 173, § 39. It has been held many times under this statute and preceding similar enactments that an indorsement "from the office of" and followed by the name of the attorney is an indorsement for costs. *Johnson* v. *Sprague*, 183 Mass. 102, and cases cited. When the plaintiff after the commencement of an action ceases to be a resident of the Commonwealth, "the court, upon motion of any other party, shall, and of its own motion may, require the plaintiff to procure a responsible indorser." R. L. c. 173, § 41. At the time the writ in the original action was entered there was no reason for an indorser. Indeed, an indorser for costs could not have been ordered. *Shute* v. *Bills*, 198 Mass. 544. There is nothing in the agreed facts to show that Mr. Beane had any ground to suppose that the occasion ever would arise when the defendants could move for an indorser for costs. Plainly, therefore, his signature upon the back of the writ could not have been made with any intent or expectation to be bound for costs. His conduct since has not misled the original defendants to their harm. It is only in the comparatively rare instances where the plaintiff is a non-resident that an indorsement like that made upon the writ in the original action is or can be supposed to have been made with any thought of liability for costs. It has other purposes of identification and information which are well recognized and are quite apart from legal liability for costs. A widespread custom directed to other ends

ought not to be stretched to include an unusual and unanticipated liability, unless demanded by some rule of law or by manifest justice. The authorities do not go to the extent of holding the attorney liable under circumstances like these. The statute gives ample opportunity to a defendant to secure an indorser of a writ in which the plaintiff has removed from the Commonwealth, and no injustice can be done him by holding him to the terms of the statute. One strong reason why an attorney indorsing the writ of a non-resident plaintiff should be held for costs is that he must be presumed to know that such a writ cannot be legally entered in court without such an indorser. That reason fails wholly in a case like the present. An action brought by a resident plaintiff may lawfully be continued in court, even though the plaintiff should remove from the Commonwealth, unless the defendant or the court requires an indorser. Writing the name of the attorney on the back of the writ ought not to be held as assumption of a liability not contemplated by the parties and not required by the statute or by any action of the court.

*Judgment reversed.*