## William H. Walcott *vs.* Edmund Kimball.

Statements contained in the answer filed in a cause cannot be used as evidence against the defendant on the trial of the same cause, or commented on by the plaintiff's counsel in argument to the jury.

Contract brought to recover wages from September 23d 1864 to July 17th 1865. The answer, amongst other things, set forth that the plaintiff had received of the defendant a check for $115 in full, and had executed a receipt in full therefor dated August 14th.

At the trial in the superior court, before *Wilkinson*, J., the defendant produced the following receipt signed by the plaintiff; "Boston, Aug. 1st. Received of Mr. E. Kimball in full of all demands the sum of $115. One hundred and fifteen dollars. W. H. Walcott." And the defendant and his son testified that he gave to the plaintiff a check for $100 subsequently to the 1st of August 1865, and received the receipt therefor.

The plaintiff contended that the receipt, if signed by him, was fraudulently obtained on the 1st of August, while he was under the influence of liquor; and the time when the receipt was given became material.

The plaintiff's counsel claimed the right to argue from the answer that the defendant had at one time said that the receipt was dated August 14th, and that the check was for $115; but the judge ruled that, in the absence of any evidence tending to show that the answer was prepared under the defendant's directions the allegation in the answer could not be used as evidence against him.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*C. A. Welch*, for the plaintiff.

*J. B. Goodrich*, for the defendant.

Foster, J. At the trial in the superior court the plaintiff sought to argue from the answer that the defendant had at one time made a claim not consistent with his testimony before the

jury; but the presiding judge ruled that, in the absence of any evidence tending to show that the answer was prepared under the defendant's direction, it could not be used as evidence against him. The provision of Gen. Sts. c. 129, § 72, reënacted from St. 1852, c. 312, § 75, is, " Neither the declaration, answer, nor any subsequent allegation, shall be deemed evidence on the trial, but allegations only whereby the party making them is bound." It is contended that this section is to be construed to mean that the pleadings are not to be used as evidence in favor of, but may be, so far as they contain admissions of fact, as evidence against the party by whom they are filed. This construction is claimed to be supported by the language of the original code of practice reported by the commissioners, which contains the words, " though sworn to," not found in the act itself. If the provision were restricted to the answer, which the practice act as reported by the commissioners required to be supported by oath, there would be some presumption that they merely intended to negative the application of the rule in equity that a sworn answer, so far as it is responsive to the bill, shall be evidence in favor of the defendant. But the language of the first statute, as well as the present, was general and applied to declarations and replications never required to be supported by oath, and never, at law or in equity, deemed evidence for the plaintiff.

We think its meaning may be ascertained by reference to previous legislation. The Rev. Sts. c. 100, § 18, enacted that where double pleas were filed by the defendant, " no averment, confession or acknowledgment contained in any one of such pleas shall be used or taken as evidence against him on the trial of any issue joined on any other of the same pleas." When special pleas gave way to a system under which the general issue was accompanied by specifications of defence, this court applied to such specifications the rule of this section. Chief Justice Shaw said: " The specification is in the nature of a plea, and is substituted for it. No averment contained in it shall be used as evidence. It is in the nature of a privileged communication. It is a statement submitted to a court of

competent jurisdiction, and which is to be heard and decided upon by the court." *Baldwin* v. *Gregg*, 13 Met. 253.

Such being the statute and such the exposition of the law at the time the code of practice was adopted, we are of opinion that the legislature intended to continue the same rule in force, and that pleadings are not evidence, either for or against the party filing them, upon the trial of an issue of fact in the cause in which they are filed. They are allegations by which the party is bound, and from them the court determines the issue to be submitted to the jury. But the statute expressly and wholly excludes their use as evidence in the cause. Such is the literal interpretation of its language, and such the historical argument in its favor. If we go further, and consider the expediency of the rule, we have no reason to be dissatisfied with it. It would be most inconvenient to permit a jury to hear evidence and decide upon the circumstances under which an answer has been drawn by an attorney, whether by or without the personal directions of his client; and certainly it would be most unjust, if the pleading had not been specially offered as evidence, to permit counsel to comment upon it in argument after the evidence has been closed, and when no opportunity of explanation remains.

*Exceptions overruled.*[*]

---

[*] As to the admissibility of the answer in evidence in another action, see *Bliss* v. *Nichols*, 12 Allen, 443, and cases there cited.