# *Ex parte* Louisville & Nashville Railroad Co.

## *Application for Mandamus.*

1. *Mandamus; when proper remedy.*—Mandamus is the proper remedy to compel a circuit judge to make an order in a cause pending in his court requiring the plaintiff in said cause to give security for costs.

2. *Security for costs; what it covers.*—The language of the statute, Code, § 1350, which provides that security for costs may be required of a plaintiff who removes from the State after suit brought, is too plain to admit of question—it calls for no con- struction. Security for costs means nothing more or less than security for *all* costs for which the plaintiff may be or may become liable. When the plaintiff removes from the State the same reason for requiring security for costs thereafter accru- ing would apply to costs already created.

3. *Administrator the only party to bring suit in certain cases of personal injury.*—It cannot be seriously contended that a judgment for costs against one not a party to the suit, and not before the court, could be upheld. Therefore the conten- tion is without merit that when suit is brought under section 1749 of the Code the administrator is only a nominal party, since under the terms of section 1751 the personal representa- tive of the deceased is the only party who can bring such suit.

4. *Security for cost; statute constitutional.*—The statute requiring security for costs by a non-resident suitor, is not offensive to section 14 of the declaration of rights.

APPEAL from Mobile Circuit Court.
Tried before Hon. W. S. ANDERSON.
The facts are stated in the opinion.

THOMAS G. & CHAS. P. JONES, for appellant, cited, *Davis v. You*, 43 Ala. 691; *Bank v. Cheney*, 23 So. Rep. 733.

HARRY T. SMITH, contra, cited, *Lewis v. Lewis*, 25 Ala. 316; *Ex parte Jenison*, 31 Ala. 392; *McVeigh v. U. S.*, 11 Wall. 267.

DOWDELL, J.—This is an application for a writ of *mandamus* to compel the judge of the circuit court of Mobile county to make an order, in a certain cause pending in said court, wherein H. H. Brown as administrator of James L. Brown deceased is plaintiff, and the petitioner, the Louisville & Nashville Railroad Company, is defendant, requiring the plaintiff in said cause to give security for costs.

H. H. Brown, the plaintiff, took out letters of administration upon the estate of James L. Brown deceased, in Escambia county of this State, and as such administrator, being then a resident of this State, brought his suit against the petitioner in the circuit court of Mobile county. Subsequent to the bringing of the suit, and in May, 1898, said H. H. Brown removed from the State of Alabama, and since that time, and at the time of the making of the motion by the defendant, petitioner, to require security for costs, and at the hearing of said motion, was a resident of the State of Mississippi.

On these facts the court granted the motion to require security to the extent of costs accruing thereafter, but refused to require security for costs which had already accrued, or in other words refused to require security for all costs. The question therefore before us on this application for *mandamus,* is whether or not, the petitioner is entitled to have security for the costs in the cause, which had accrued, as well as for future costs.

The order of the court requiring partial security not being one from which an appeal would lie, and at the same time a refusal of the motion to require security for all costs, proceeding by *mandamus* is the proper remedy. *Bank v. Cheney,* 23 So. Rep. 733.

Section 1350 of the Code of 1896 provides, "If suit be commenced by or for the use of a resident, who afterwards removes from the State, the defendant, by motion to the court in term time, or by notice to the plaintiff, his agent, or attorney, or solicitor, in vacation, may require security for costs; and if such security be not given at or before the next term of the court, the suit must be dismissed." This statute has been continued in

all of the Codes from the Code of 1852 to the present. In the case of *Davis v. You*, 43 Ala. 691, it was held by this court applicable to administrators.

The language of the statute is too plain to admit of question—it calls for no construction. It is the same as that employed in section 1347 requiring security for costs by one who is a non-resident at the commencement of the suit. "Security for costs," means nothing more nor less than security for *all* costs for which the plaintiff may be, or may become, liable. When the plaintiff removes from the State and beyond the jurisdiction of the court, the same reason for requiring security for costs thereafter accruing, would apply to costs already created.

It is, however, contended that as the suit in which the security for costs is asked, was brought under section 1749 of the Code, that the administrator is only a nominal plaintiff, and that the heirs at law or next of kin of the deceased are the real plaintiffs, and for that reason security for costs cannot be required of the administrator—plaintiff. In support of this contention the case of *Lewis v. Lewis*, 25 Ala. 316 is cited. In *Lewis v. Lewis* the suit was brought in the name of the nominal plaintiff for the use and benefit of the person really interested, who was made a party to the record *eo nomine*. Under the statute he was the real plaintiff, being a party to the record and before the court, was subject to its orders and judgments. In the case under consideration, the persons, who by the provisions of the statute, are made the beneficiaries of any recovery that may be had, are not and cannot be made parties to the suit with the administrator. By the express provisions of section 1751, when a suit is brought under section 1749 for any injury where death results, it must be brought in the name of the personal representative of the deceased.—*Lovell v. DeBardelaben Coal & Iron Co.*, 90 Ala. 13; *Stewart v. L. & N. R. R. Co.*, 83 Ala. 493.

The administrator is the only party who can bring the suit, and is the sole party plaintiff to the record. Those, who by the terms of section 1751, are entitled to such damages as may be recovered, and free from the debts and liabilities of the deceased, to be distributed

[Arnold, Adm'r v. Arnold, Adm'r.]

according to the statute of distributions, are not only not required to be made parties to the suit, but even an averment in the complaint of the administrator of their existence, is unnecessary.—*C. & W. R'y Co. v. Bradford,* 86 Ala. 574.

It cannot be seriously contended that a judgment for costs against one not a party to the suit, and not before the court, could be upheld.

The statute requiring security for costs by a non-resident suitor, is not offensive to section 14 of the Declaration of Rights, and we think this contention without merit.

The writ of *mandamus* will be awarded as prayed for in the petition.