## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

### JAMES A. KEOWN vs. JAMES J. HUGHES.

Suffolk. January 14, 1919. — April 17, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Indorser of writ, Exceptions. *Constitutional Law.*

Although under ordinary circumstances objection to the failure of a non-resident plaintiff in an action at law to furnish an indorser of his writ as security for costs under R. L. c. 173, § 39, is taken to have been waived if such objection is not made at the first term of court after the entry of the writ, yet, where the fact, that the plaintiff is not an inhabitant of the Commonwealth, was not disclosed on the pleadings and was not known to the defendant, this rule does not apply.

An order made by a judge of the Superior Court, that the plaintiff in an action at law be ordered "to furnish an indorser for costs within ten days without specifying the amount that the indorser should be responsible for," is a valid order not void for obscurity.

Such an order cannot be declared to be void on the ground that the judge who made it refused to admit evidence offered by the plaintiff, if no evidence thus offered is set forth in the record and no exception was taken to the exclusion of any evidence offered by the plaintiff.

It is no ground for invalidating such an order, that the judge who made it allowed the defendant to introduce in evidence the pleadings in another action to show that the plaintiff was not an inhabitant of the Commonwealth, if no exception was taken to the admission of this evidence and there does not appear to have been any error in admitting it.

The fact that, after the plaintiff's failure to furnish an indorser on his writ, a motion of the defendant to nonsuit the plaintiff was continued by the judge of his own motion without solicitation on the part of the plaintiff, could give the

plaintiff no ground for complaint, even if he had excepted to the action of the judge, which here he did not.

The provisions contained in R. L. c. 173, §§ 39–43, requiring a plaintiff who is not an inhabitant of the Commonwealth to furnish an indorser of his writ as security for costs, is constitutional.

CONTRACT for $1,000 for professional services as a physician alleged to have been rendered to the defendant's wife from July 17 to July 28, 1913, and from November, 1916, to March 1, 1917, according to an account annexed. Writ dated June 30, 1917.

On July 5, 1918, the defendant filed the following motion:

"Now comes the defendant in the above entitled cause, and says that the plaintiff is a citizen and an inhabitant of the State of California, and that he is not an inhabitant of this Commonwealth, that he has failed to have his process indorsed before entry thereof by a responsible person, who is an inhabitant of this Commonwealth, in accordance with R. L. c. 173, § 39.

"The knowledge of the fact that the plaintiff is an inhabitant and a citizen of the State of California, was not disclosed upon the pleadings, or the papers' in this case, and has only recently come to the attention of the defendant in a suit brought by the plaintiff against the defendant in the United States District Court, for the District of Massachusetts, in which he says under oath, that he is a citizen and an inhabitant of the State of California. Wherefore he prays that the plaintiff be nonsuited, and for his costs."

The motion was heard by *Jenney,* J., who made an order requiring the plaintiff to furnish an indorser for costs within ten days without specifying the amount for which the indorser should be responsible. This order was made on July 12, 1918.

On July 23, 1918, the defendant filed a motion that the plaintiff be nonsuited for failure to furnish an indorser for costs. The parties were heard upon this motion by *Chase,* J., and the hearing was continued until August 12, 1918. On that day in the absence of the plaintiff, who had received due notice, the judge granted the motion to nonsuit the plaintiff and ordered that the action be dismissed. Within an hour after the order was made the plaintiff made an oral motion to remove the nonsuit. The motion was denied. On August 14, 1918, the plaintiff filed a motion in writing to remove the nonsuit. This motion was denied by *Chase,* J.,

on August 20, 1918. The judge also denied an oral motion of the plaintiff for leave to introduce evidence to be reported to this court. The plaintiff appealed from the various interlocutory orders.

The plaintiff filed a bill of exceptions in which he complained of various matters as described in the opinion. This bill of exceptions was allowed by *Chase, J.*

*J. A. Keown, pro se,* submitted a brief.

No counsel appeared for the defendant.

LORING, J. On July 5, 1918, the defendant made a motion that the plaintiff in the above entitled cause, not being an inhabitant of the Commonwealth, should be nonsuited because his writ had not been indorsed for costs in compliance with R. L. c. 173, § 39. The motion was made more than a year after the date of the writ. It was alleged in the motion that the fact that the plaintiff was not an inhabitant was a fact not disclosed on the face of the pleadings and that it was a fact which "only recently" had come to the knowledge of the defendant. A hearing was had on this motion on July 9, 1918, at which evidence on the issues involved was introduced. The judge reserved his decision. On July 12 the motion was allowed "in the absence of the plaintiff." To the ruling allowing the motion the plaintiff took an exception. That is the only exception stated in the first bill of exceptions now before us.

It is stated in the second bill of exceptions that the order made on July 12 was that the plaintiff be ordered "to furnish an indorser for costs within ten days without specifying the amount that the indorser should be responsible for." No indorser was furnished within the ten days. Thereafter on July 23, 1918, the defendant made a motion that the plaintiff be nonsuited "for failure to furnish an indorser for costs." It is stated in this bill of exceptions that "after hearing the parties upon their motion it was continued to August 12, 1918. On August 12, Judge Frederic Chase in the absence of the plaintiff, due notice having been given, granted the defendant's motion to nonsuit in the plaintiff's absence and ordered the action dismissed, to which an exception was promptly filed on the same day and the plaintiff made an oral motion to remove the nonsuit within an hour after the same had been granted, which motion was refused." It is stated further in

this bill of exceptions that on August 14, 1918, the plaintiff filed a motion to remove "the nonsuit entered in the above entitled case August 12, on the ruling of Judge Frederic H. Chase in the absence of the plaintiff, who bases his motion upon: 1. The pleadings and papers filed in the case. 2. The affidavit hereto attached, and made a part of this motion. A copy of affidavit is herewith annexed and marked Exhibit A." Neither Exhibit A nor the substance of it is set forth in the bill of exceptions. On August 20, 1918, this motion was denied and an exception was taken. That is the first exception set forth in the second bill of exceptions.

The second exception set forth in this bill of exceptions is stated in these words: "The judge rendered no decision at the time but subsequently denied the motion to remove the nonsuit, and also refused to grant the plaintiff's oral motion to introduce evidence and having the evidence reported to the Supreme Judicial Court is ruled upon the evidence to which the plaintiff then and there duly objected and excepted."

We find no error in the matters covered by the exceptions set forth in these bills of exceptions.

Taking up the arguments made by the plaintiff in the order in which they are made on his brief:

1. It is true that under ordinary circumstances the failure of a non-resident to furnish an indorser for costs is taken to have been waived if the objection is not made at the first term of court. That was decided in *Whiting* v. *Hollister,* 2 Mass. 101, *Gilbert* v. *Nantucket Bank,* 5 Mass. 97, and *Carpenter* v. *Aldrich,* 3 Met. 58, relied upon by the plaintiff. But where the fact that the plaintiff is not an inhabitant is not disclosed on the pleadings and is not known to the defendant this rule does not apply.

2. There is nothing in the plaintiff's contention "that the order for costs without stating the amount is void on the ground of obscurity and the possibility of securing an indorser under the circumstances."

3. The plaintiff's next contention is that the order was void because the judge refused to admit evidence in the court below. What this evidence was is not set forth and no exception was taken to the exclusion of any evidence offered by the plaintiff.

4. The next matter complained of is that the judge at the hear-

ing allowed the defendants to introduce in evidence pleadings in another case to show that the plaintiff was not an inhabitant of this State. No exception was taken to the admission of this evidence. There does not appear to have been any error in admitting it. *Bliss* v. *Nichols,* 12 Allen, 443. See also note to the case relied on by the plaintiff, namely, *Walcott* v. *Kimball,* 95 Mass. 460, at page 462.

5. The next matter complained of by the plaintiff is that "Judge Frederic H. Chase continued the hearing on the defendant's motion for a nonsuit from July 30 to August 12, 1918, on the court's own motion without solicitation on the part of the plaintiff, upon the plea that the court was reluctant to dismiss the case under the circumstances." No exception was taken to this action of the court. The action of the court could not have been complained of if an exception had been taken.

6. We find nothing that helps the plaintiff in the cases of *Paine* v. *Hapgood,* 13 Pick. 152, *Feneley* v. *Mahoney,* 21 Pick. 212, *Johnson* v. *Sprague,* 183 Mass. 102, and *Shute* v. *Bills,* 198 Mass. 544, relied on by him. We have examined all the citations relied upon by the plaintiff with the exception of one which we have not been able to find. There is nothing in them which requires notice.

7. We are of opinion that R. L. c. 173, §§ 39 to 43, requiring a non-resident to furnish an indorser for costs is constitutional.

The plaintiff has taken appeals from the interlocutory orders made in this case. No appeal lies because no judgment has been entered.

The entries must be

*Appeals dismissed.*
*Exceptions overruled.*