# Harbison, Clerk of Circuit Court, v. George.

(Decided February 22, 1929.)

ROBERT MATTHEWS and R. F. PEAK for appellant.

RONALD C. OLDHAM and DAVID SESSMER for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On this appeal the constitutionality of chapter 110, Acts Gen. Assem. 1928, is questioned. The title of the act reads: "An act to amend and re-enact section one thousand seven hundred and twenty of the Kentucky Statutes, Carroll's edition, one thousand nine hundred and twenty-two, relating to fees." As re-enacted, the act contains all of the provisions of the old act, with this provision added: "That the clerks of the various circuit courts of this commonwealth shall collect the sum of five dollars ($5.00) on each original action or suit, commencing with original process, in their respective courts. Said sum to be collected when such action or suit is filed and applied as a credit on the costs accruing in such action or suit, and shall not affect their fees now prescribed by law."

The appellee, Charles George, offered to file in the Shelby circuit court a petition in which he sought to recover $256.64 on a note, and appellant, who was the circuit clerk, refused to file the petition, except upon the payment of $5 as provided for in the 1928 act. George

then brought this action against the clerk, in which he asked for an injunction to compel the clerk to file the petition referred to. The lower court overruled a demurrer to the petition and entered a judgment granting the relief sought.

It is insisted by the appellee that this judgment should be affirmed, because the 1928 act contravenes section 14 of the Kentucky Constitution and the Fifth and Fourteenth Amendments to the Constitution of the United States, and also section 51 of the Constitution of Kentucky. Section 14 of our Constitution provides that "all courts shall be open and every person, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." A history of the provision that right and justice shall be administered without sale, denial, or delay dates back to the days of the Magna Charta. It was then customary for officers to exact fines as the price of administering justice which constituted a species of bribery. They were arbitrary exactions, that went to the officers, and in no way similar to exactions for legitimate expenses of litigation. It was to correct such abuses, among others, that induced the barons of England to wrest from King John the Magna Charta. The right thus obtained has been preserved in practically all state Constitutions.

Provisions in state statutes for the payment in advance of fees allowed by law, and incurred pending the litigation, do not contravene the rights guaranteed by such a constitutional provision. Such statutes have been sustained by practically all of the courts in which their validity has been attacked. A collection of cases holding that such acts are valid will be found in the note to In re Lee, L. R. A. 1918B, 150. Other cases holding to the same effect are Wortman v. Kleinschmidt, 12 Mont. 316, 30 P. 280; Malin v. Lamoure County, 27 N. D. 140, 145 N. W. 582, 50 L. R. A. (N. S.) 997, Ann. Cas. 1916C, 207; Marshall v. Holland, 168 Ark. 449, 270 S. W. 609; State v. Laramore, 175 Ind. 478, 94 N. E. 761, Ann. Cas. 1913B, 1296.

The deposit required by the 1928 act is not unreasonable or oppressive, and, if a litigant is unable to pay it, he is not deprived of his day in court, since, under section 884 of our Statutes, he may prosecute an action in forma pauperis upon making a proper showing. Litigants who are required to make the deposit cannot complain that

they have had to "purchase justice" by providing for the payment of fees for services rendered to them by the clerk.

It is insisted that the 1928 act contravenes section 51 of our Constitution, in that the title is misleading and the act deals with two separate and distinct subjects—fees and costs. When courts are called upon to declare an act of the Legislature invalid, they will approach the question with great caution, and not declare it void unless its invalidity appears beyond reasonable doubt. Doubts as to the constitutionality of an act of the Legislature should always be resolved in favor of constitutionality, and it is the duty of the court to seek to ascertain and carry out the intention of the Legislature in its enactment, and to give full effect to such intention. Referring to section 51 of the Constitution in Campbell v. Commonwealth (Ky.) 14 S. W. (2d) 405, decided February 12, 1929, it was said:

> "This section of the Constitution has been prolific of much litigation. In its interpretation a liberal construction has always been given, and, unless the provisions were foreign or unrelated to the subject expressed in the title, the validity of the act was sustained as being sufficient compliance with the constitutional requirement. Bowman v. Hamlett, 159 Ky. 184, 166 S. W. 1008; Burnside v. Lincoln County Court, 86 Ky. 423, 6 S. W. 276, 9 Ky. Law Rep. 635; Weimer v. Commissioners of Sinking Fund, 124 Ky. 377, 99 S. W. 242, 30 Ky. Law Rep. 523; Smith v. Commonwealth, 175 Ky. 286, 194 S. W. 367."

In considering section 51 of the Constitution, and all others, it is a well-recognized rule of construction that, if the language used in the statute attacked is reasonably susceptible of two constructions—one rendering the statute constitutional and the other not—the former must be adopted. There is no magic in words, and the use of "costs" in the amendment is not decisive. All fees of officers are costs, so far as litigants are concerned, and the words are frequently used interchangeably. It was clearly the purpose of the act to provide for the security of at least a portion of the fees that would accrue to the clerk. The original act dealt exclusively with fees to be charged by the clerk, except that in one clause it provided for the taxation of an attorney's fee as costs. A careful reading of the act leads to the

conclusion that the word "costs" was used in the sense of fees, and was intended to refer to the fees of the clerk. The amendment, therefore, comes within the purview of the title, as the only subject dealt with is that of fees. We are of opinion that the act does not contravene any provision of the state or Federal Constitutions and is a valid exercise of legislative power.

Wherefore the judgment is reversed, with directions to sustain the demurrer to plaintiff's petition.