(No. 6690. July 8, 1939.)

HERMAN NORDBY, Appellant, v. THE DEPARTMENT OF PUBLIC WORKS, ALLEN C. MERRITT and E. A. JOHNSTON, Respondents.

[92 Pac. (2d) 789.]

Ben F. Tweedy and Otto D. Burns, for Appellant.

476

J. W. Taylor, Attorney General, and Charles S. Stout, for Respondents.

HOLDEN, J.—In 1938, Herman Nordby operated a farm in Nez Perce county and on what is generally known as the Lewiston hill. The state of Idaho, by and through the instrumentality of its Department of Public Works, constructed and still operates and maintains a highway from Lewiston up and over that hill. In June, a fire started in grass and

weeds which had been cut and were lying along the right of way. It spread from the right of way onto Nordby's adjoining farm on which there was cured and growing grass, destroying the grass and fences and fence posts inclosing the farm.

Thereafter Nordby began this action to recover damages for destruction of the grass and fences. December 16, 1938, he filed an amended complaint in which he alleged:

"There is a State highway, starting at the eighteenth Street Bridge across the Clearwater River in the City of Lewiston, Idaho, thence running up the hill north of the said City to the top of said hill, and the right of way for said State highway is owned, possessed and under exclusive control of the defendant, The Department of Public Works, and which said highway and right of way runs through and along real estate owned and possessed by the plaintiff, 100 acres of which real estate, owned and possessed by the plaintiff, adjoins the said right of way, of which said 100 acres, on or about the 26 of June, 1938 there were growing and cured grass and fences and fence posts, placed in the ground for said fences."

"The defendants, on or about the 26th of June, 1938, and at the time of the fire hereinafter described, maintained on the said right of way, which said plaintiff's said 100 acres adjoins, a hard surfaced road way for the use of the traveling public, and then and there, immediately at the outer edge of the said hard surfaced traveled road way, the defendants kept and maintained, lying upon the ground, cut grass and weeds, which, then and there were highly combustible, and when fire started in them, would burn over the right of way to plaintiff's said 100 acres and would, beyond all doubt, set fire to the said growing and cured grass on the said 100 acres adjoining the said right of way of the said highway; and this said right of way, in aforesaid condition, was maintained by the defendants and used by the traveling public on or about the said 26th of June, 1938, and at the time of the hereinafter described fire."

"On or about the said 26th of June, 1938, as a direct and certain result of the said use of the said highway, main-

tained in the aforesaid condition, fire started in the aforesaid dry grass and dry weeds cut and lying, as aforesaid, on the said right of way, and from the starting point of said fire it burned up to the adjoining 100 acres of the plaintiff and set fire to the growing and cured grass on the said 100 acres, destroying absolutely all the growing and cured grass as well as fences and fence posts on the said 100 acres, thereby taking for public use all of plaintiff's said property without first paying to him compensation therefor, which property, so taken by defendants was, then and there, and now is of the reasonable value of $2,000.00.''

██ December 27, 1938, the state, by its Department of Public Works, filed and interposed a general demurrer to such amended complaint, in which it alleged such complaint did not state facts sufficient to constitute a cause of action. January 30, 1939, the trial court sustained the demurrer and on the next day entered judgment of dismissal. The appeal is from that judgment.

The record presents the question: Is the state liable in damages for alleged negligent acts of its officers and employees performed while in the discharge of a mandatory, governmental duty?

It is settled law in this state, in the absence of an express statute (as in Idaho) to that effect, the state is not liable for damages for negligent acts of its officers and employees performed in the discharge of a mandatory, governmental duty. (*Strickfaden v. Greencreek Highway Dist.*, 42 Ida. 738, 749, 248 Pac. 456, 49 A. L. R. 1057; *Davis v. State*, 30 Ida. 137, 163 Pac. 373, Ann. Cas. 1918D, 911; *State v. Parsons*, 58 Ida. 787, 794, 80 Pac. (2d) 20. See, also, *Henderson v. Twin Falls County*, 56 Ida. 124, 50 Pac. (2d) 597, 101 A. L. R. 1151.)

It follows the judgment appealed from must be affirmed and it is so ordered. Costs awarded to respondent.

Ailshie, C. J., and Budge, Givens, JJ., concur.

Morgan, J., by reason of illness, did not participate in the decision.