314 P.2d 609

John PIGG, Plaintiff-Appellant,

v.

Dewey BROCKMAN, James Trummel, Eugene A. Hagler, and the State of Idaho, Defendants-Respondents.

No. 8409.

Supreme Court of Idaho.

July 18, 1957.

Rehearing Denied Sept. 4, 1957.

J. F. Martin and C. Ben Martin, Boise, for defendant Hagler.

Vernon K. Smith, Boise, for appellant.

· Benoit & Benoit, Twin Falls, for defendants Brockman and Trummel.

Graydon W. Smith, Atty. Gen., and T. J. Jones III, and Edward J. Aschenbrener, Asst. Attys. Gen., for the State.

TAYLOR, Justice.

Plaintiff (appellant) alleges he sustained injuries September 15, 1953, in a collision between his automobile and a tractor-trailer outfit owned by defendant Trummel and driven by defendant Brockman.

The Trummel vehicle consisted of a Studebaker tractor drawing a lowboy semi-trailer upon which was loaded a caterpillar tractor and bulldozer. This equipment was moving east out of Jerome on highway 25 at about 7:00 o'clock p. m., allegedly in violation of law in that its total width exceeded that allowed and the left front headlamp on the tractor was not lighted.

Defendant (respondent) Hagler, a state police officer, observing the violation of the highway law by the operator of the tractor and trailer, stopped the driver about a half mile east of Jerome. He then parked the automobile, owned by the state and furnished to him for his use as a highway patrolman, on the south side of the highway in front of and to the east of the tractor-trailer in such position that the light from its headlamps reflected and extended diagonally across the highway to the northeast, and in such manner as to obstruct the vision of drivers coming from the east on the north half of the highway. The officer then took a position on the north edge of the highway and undertook to control the traffic coming from the east with lighted red baton held in his hand, while the operator

of the tractor attempted to turn the vehicle to its left across the highway into a farm driveway on the north side of the highway. The unlighted left-hand corner of the tractor had crossed the center line a distance of approximately three feet, when plaintiff drove in from the east. He alleges he was blinded by the lights from the state car and the one lighted lamp on the tractor, and upon coming out from the glare of those lights he was suddenly confronted with the flashing of the red light in the hand of the officer, and, in attempting to miss that light, turned to the left and collided with the left front corner of the tractor.

Plaintiff brought this action to recover for personal injuries and damage to his automobile resulting from the collision.

After detailing the acts constituting negligence on the part of the owner and operator of the tractor and trailer, the complaint charges that defendants Hagler and state of Idaho were negligent in parking the state automobile in such manner that its headlights projected a dazzling beam of light into the face and eyes of the plaintiff traveling west on the north side of the highway.

Upon motion of defendant Hagler, a judgment dismissing the action as to him was entered upon the ground that plaintiff had failed and refused to give the written undertaking required by § 6-610, I.C., which provides as follows:

"Before any action may be filed against any sheriff, constable, peace officer, state police officer, or any other person charged with the duty of enforcement of the criminal laws of this state, or service of civil process, when such action arises out of, or in the course of the performance of his duty, or in any action upon the bond of any such officer, the proposed plaintiff, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint in any such action, a written undertaking with at least two sufficient sureties in an amount to be fixed by the court conditioned upon the diligent prosecution of such action, and in the event judgment in the said cause shall be against the plaintiff, for the payment to the defendant of all costs and expenses that may be awarded against such plaintiff including a reasonable attorney's fee to be fixed by the court. In any such action, the prevailing party therein shall, in addition to an award of costs as otherwise provided, recover from the losing party therein such sum as counsel fees as shall be allowed by the court. The official bond of any such officer shall be liable for any such costs and attorney fees."

Plaintiff alleges that the officer was acting in the course of, and within the scope of, his employment as a police officer of

the state in preventing the driver of the tractor and trailer from operating the vehicle on the highway; that his negligence while so acting is the negligence of the state of Idaho, upon which the liability of the latter is predicated. However, to avoid the requirement of § 6–610 to give security for costs and counsel fees, he contends in his brief that the officer was not enforcing the criminal laws when he parked the state car in the manner complained of; that the act of parking the state car was not in the course of the performance of his duty. Disregarding the apparent inconsistency, the facts pleaded show the officer was engaged in the enforcement of the criminal law, and that the action arises out of the acts done in the course of the performance of his duty.

At the time the action was filed, the plaintiff declined to file the undertaking on the ground that the statute, § 6–610, I.C., requiring such undertaking, is unconstitutional. The action of the court in overruling that contention is assigned as error.

■ The requirement of the statute is not jurisdictional. The undertaking may be waived by the defendant. However, the statute is mandatory, so that where it is not complied with, the district court must dismiss the action when appropriate objection is timely urged by defendant. Kiesel v. District Court, 96 Utah 156, 84 P.2d 782; Sheldon v. Nick & Sons, 253 Wis. 162, 33 N.W.2d 260; Art. 5, § 20, Idaho Constitu-

tion; Clemens v. Kinsley, 72 Idaho 251, 239 P.2d 266; Shell Oil Co. v. Superior Ct., 2 Cal.App.2d 348, 37 P.2d 1078; Kennaley v. Superior Ct., 43 Cal.2d 512, 275 P.2d 1; 14 Am.Jur., Costs, § 44.

It is first contended that the requirement violates Article 1, § 18, of the constitution, which provides:

"Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice."

Appellant urges that the statute violates this provision in requiring plaintiffs, who have a cause of action against a police officer, to file such undertaking as a condition precedent and thus limits their right of access to the courts; that it contains no standard for the fixing of the bond, but leaves the amount thereof in the unrestrained discretion of the trial court; and that the undertaking that plaintiff will diligently prosecute his action is discriminatory in that no such undertaking is required of the officer-defendant.

Appellant also urges that the act violates the equal protection clause of the Federal Constitution, 14th amendment, § 1, in the foregoing particulars and also in that the provision allowing attorney's fee to the prevailing party, and making the official bond of the officer liable for costs and attorney's fee, does not afford equal protection to

plaintiffs in such cases, because not all of the officers named in the act are required to have or give an official bond.

In Ex parte Louisville & N. R. Co., 124 Ala. 547, 27 So. 239, and Ex parte Winn, 226 Ala. 447, 147 So. 625, the Alabama court held that a statute requiring a non-resident plaintiff to give security for costs is not repugnant to the Alabama constitutional provision, Art. 1, § 13, the same in effect as our Art. 1, § 18.

In Massachusetts a statute requiring a non-resident to furnish an endorser for costs was held constitutional. Keown v. Hughes, 233 Mass. 1, 123 N.E. 98.

In Harbison v. George, 228 Ky. 168, 14 S.W.2d 405, a Kentucky statute requiring the clerk of the court to collect $5 from the plaintiff at the commencement of an action as an advance on costs, was attacked as a violation of a constitutional provision similar to our Art. 1, § 18. The court said:

"Provisions in state statutes for the payment in advance of fees allowed by law, and incurred pending the litigation, do not contravene the rights guaranteed by such a constitutional provision." 14 S.W.2d at page 406.

Violation of the same constitutional provision was urged against an Oklahoma statute requiring an advance payment to the clerk of the supreme court of $40 for docket fee and other costs. The court held the requirement was not a sale or denial of justice. In re Lee, 64 Okl. 310, 168 P. 53,

L.R.A.1918B, 144. In the annotation appended to the report of this case, L.R.A. 1918B, 150–1, the annotator has collected decisions from the various states upholding the constitutionality of statutes requiring advance payment of costs as a condition to the right to litigate in the courts. It is there said:

"Nearly all state constitutions contain provisions adopted from the Magna Charta in substance and effect requiring justice to be administered without sale or delay. These provisions are construed with reference to the purpose of the original provision in Magna Charta, that to none will we sell, to none will we deny or delay the right of justice, to forbid the then prevailing practice of securing favorable decisions by the courts by making large presents to the King or the King's officers, or of securing delays in the trial of cases by means of such presents. Hence it is held that constitutional provisions of this character have no application to reasonable statutory requirements for the payment of court fees as a condition to the right to invoke the aid of the court to enforce a cause of action or secure redress for wrongs committed, and such statutes are not violative of this constitutional provision." L.R.A.1918B, at page 150.

For a number of years California has had a statute requiring the plaintiff in an action

for libel or slander to give security for costs. The constitutionality of the act has been uniformly upheld. Smith v. McDermott, 93 Cal. 421, 29 P. 34; Skrocki v. Stahl, 14 Cal.App. 1, 110 P. 957; Shell Oil Co. v. Superior Court, 2 Cal.App.2d 348, 37 P.2d 1078.

A statute allowing a reasonable attorney's fee, not exceeding $20, to a successful plaintiff in a small claims action, where the judgment is not paid by the defendant within 30 days after demand therefor, was held not a denial of equal protection. Missouri K. & T. R. Co. v. Cade, 223 U.S. 642, 34 S.Ct. 678, 58 L.Ed. 1135. There the court said:

> "If the classification is otherwise reasonable, the mere fact that attorney's fees are allowed to successful plaintiffs only, and not to successful defendants, does not render the statute repugnant to the 'equal protection' clause. This is not a discrimination between different citizens or classes of citizens, since members of any and every class may either sue or be sued. *Actor* and *reus* differ in their respective attitudes towards a litigation; the former has the burden of seeking the proper jurisdiction and bringing the proper parties before it, as well as the burden of proof upon the main issues; and these differences may be made the basis of distinctive treatment respecting the allowance of an attorneys' fee

as a part of the costs." 223 U.S. 642, 34 S.Ct. 681, 58 L.Ed. at page 1138.

In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the supreme court of the United States considered the constitutionality of a state statute, making an unsuccessful plaintiff liable for reasonable expenses, including attorney's fee, of the defendant in a stockholders' derivative action, and authorizing the court to require security for the payment thereof, upon motion of the defense. The New Jersey statute, like the one before us, leaves the amount of the security to the discretion of the trial court. The court said:

> "* * * It imposes liability and requires security for 'the *reasonable* expenses, including counsel fees which may be incurred' (emphasis supplied) by the corporation and by other parties defendant. The amount of security is subject to increase if the progress of the litigation reveals that it is inadequate or to decrease if it is proved to be excessive. A state may set the terms on which it will permit litigations in its courts. No type of litigation is more susceptible of regulation than that of a fiduciary nature. And it cannot seriously be said that a state makes such *unreasonable* use of its power as to violate the Constitution when it provides liability and security for payment of *reasonable* expenses if a litigation

of this character is adjudged to be unsustainable. It is urged that such a requirement will foreclose resort by most stockholders to the only available judicial remedy for the protection of their rights. Of course, to require security for the payment of any kind of costs or the necessity for bearing any kind of expense of litigation has a deterring effect. But we deal with power, not wisdom; and we think, notwithstanding this tendency, it is within the power of a state to close its courts to this type of litigation if the condition of reasonable security is not met." 337 U.S. 541, 69 S.Ct. 1228, 93 L.Ed at page 1539.

The supreme court of California followed the rule of the Cohen case in Beyerback v. Juno Oil Co., 42 Cal.2d 11, 265 P.2d 1, 6. In that case it was argued, as it is here, that the statute was discriminatory because the provision for security for expenses was available only to defendant and not to the plaintiff. Concerning this contention the court said:

"The unconstitutional discrimination exists, says plaintiff, because section 834 [West's Ann.Corp.Code] requires plaintiff to furnish security for defendants' expenses if the trial court finds that there is no reasonable probability that the corporation will benefit from the derivative action but does not contain a comparable provision requiring the corporation to post security for plaintiff's expenses if the trial court finds a probability that the corporation will benefit. This is not a denial of equal protection. * * *.

"Although the law does not provide for deposit of security for plaintiff's expenses at the beginning of his action, it does provide, apart from statute, for charging against the corporation the costs and counsel fees of a plaintiff who has successfully maintained a representative action. * * *." 265 P.2d at page 6.

It was also urged in the Beyerbach case, as it is urged here, that the statute discriminates against "poor" plaintiffs, who may be unable to give security. Concerning this argument, the court said:

"Plaintiff argues that section 834 unconstitutionally discriminates against poor stockholders who are unable to furnish the required security. But if plaintiff's argument in this respect were accepted then any statute which required the payment of a fee or the furnishing of security as a prerequisite to the filing of a complaint, the issuance or levying of a writ, the procurement of a record on appeal, etc., would be unconstitutional." 265 P.2d at page 6.

Other cases upholding reasonable requirements for an advance of, or security for, costs, fees or other expenses, as a condition to the exercise of the right to litigate in the courts, are: Pyramid Land &

Stock Co. v. Pierce, 30 Nev. 237, 95 P. 210; Granite Rock Co. v. Freeman, 93 Cal.App. 507, 269 P. 668; Spicer v. Benefit Ass'n of Ry. Employees, 142 Or. 574, 17 P.2d 1107, 21 P.2d 187, 90 A.L.R. 517; Alturas v. Superior Court, 36 Cal.App.2d 457, 97 P.2d 816; Missouri K. & T. R. Co. v. Harris, 234 U.S. 412, 34 S.Ct. 790, 58 L.Ed. 1377; Meeker v. Lehigh Valley R. Co., 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644; Chicago & N. W. R. Co. v. Nye Schneider Fowler Co., 260 U.S. 35, 43 S.Ct. 55, 67 L.Ed. 115; Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904; Hunter v. Flowers, Fla., 43 So.2d 435, 14 A.L.R.2d 447; 15 C.J., Costs, § 491; 20 C.J.S. Costs, § 125; 14 Am. Jur., Costs, §§ 39, 40.

In the Cohen and Beyerbach cases, the authority of the legislature to exact security of stockholder-plaintiffs in a derivative action, was upheld on the ground that the action was fiduciary in nature and that the legislature has plenary power to reasonably regulate such litigation.

In Hindman v. Oregon Shortline R. R. Co., 32 Idaho 133, 178 P. 837, this court held that a statute providing for an attorney's fee to a plaintiff who recovers damages from a railroad company occasioned by its failure to maintain a lawful fence, was an exercise of police power and not repugnant to the 14th amendment.

The statute before us is clearly an exercise of the police power, intended to secure to the people of the state maximum protection and effective law enforcement by freeing police officers so far as possible from the fear of petty, harassing, vexatious, and vindictive litigation. The only limitations imposed upon the exercise of the police power are that a measure, adopted by the legislature which limits or imposes conditions upon the exercise of rights guaranteed by the constitution, must have as its purpose some public good, which the legislature may legally pursue; it must be reasonable and have a reasonable and substantial relation to the purpose intended. City of Idaho Falls v. Grimmett, 63 Idaho 90, 117 P.2d 461; Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695.

The public object sought to be accomplished by § 6–610, I.C., is within the police power of the state. The limitation upon the rights of plaintiffs having causes of action against police officers is reasonable. The act has a direct tendency to accomplish the legislative purpose. It is not unconstitutional upon any ground urged.

Appellant also urges that defendant Hagler's remedy was by demurrer for want of capacity to sue, rather than by motion to strike the complaint, for want of the undertaking. In support of this contention appellant cites § 5–607, I.C., and Shillingford v. Benewah County, 48 Idaho 447, 282 P. 864. Assuming that demurrer for want of capacity would be a proper remedy in such case, we think, in view of the mandatory nature of the act, the issue was prop-

erly raised by motion to strike. This procedure is in harmony with the amendments added to the statute by the 1955 session of the legislature, wherein it is provided that the action must be dismissed if the sureties upon such an undertaking fail to justify when required, or if additional or increased security is not given when ordered by the court.

■ Upon sustaining the general demurrer of the state, the action against the state was dismissed upon the ground that the state is immune. It is appellant's contention that the state waived its immunity. He alleges that pursuant to the authority given by § 41–3301, subd. 1, I.C., the commissioner of insurance procured the issuance of public liability insurance to the state of Idaho and its department of law enforcement, covering its fleet of automobiles, including those under the control of the state police; that the policy insures the state against public liability in the maximum of $10,000 for each person injured, and $20,-000 for all persons injured, and $5,000 for property damage. The statute as it existed at the time of the insurance, and which appellant urges as a waiver of immunity by the legislature, is as follows:

"The commissioner of insurance shall have the following powers and duties:

"1. To procure insurance against any and all hazards on property belonging to the state of Idaho, upon requisi-tion therefor from any officer, department, board, or institution, having jurisdiction and control of any such property. * * *" § 41–3301, I.C.

Waiver of immunity by the state must be found in constitutional or statutory provision and must be express. Hollister v. State, 9 Idaho 8, 71 P. 541; Thomas v. State, 16 Idaho 81, 100 P. 761; Davis v. State, 30 Idaho 137, 163 P. 373; Nordby v. Dept. of Public Works, 60 Idaho 475, 92 P.2d 789.

■ There is no express waiver contained in the provision relied upon, nor any language which would necessarily imply a waiver. A statute authorizing suit against the state is in derogation of sovereignty and therefore must be strictly construed. Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121; Los Angeles County v. Riley, 20 Cal.2d 652, 128 P.2d 537; 81 C.J.S. States § 215, p. 1306; Harrison v. Wyoming Liquor Comm., 63 Wyo. 13, 177 P.2d 397; State ex rel. State Ins. Fund v. Dist. Court, Okl., 278 P.2d 841.

■ Assuming, but not deciding, that the act authorized the commissioner to procure public liability insurance, in the absence of any language expressing a waiver of immunity, the procuring of such insurance would not be sufficient to authorize an action against the state for the negligence of the police officer. Price v. State Highway Comm., 62 Wyo. 385, 167 P.2d 309; Greatrex v. Evangelical Deaconess Hos-

pital, 261 Mich. 327, 246 N.W. 137, 86 A.L.R. 487; Pohland v. City of Sheboygan, 251 Wis. 20, 27 N.W.2d 736; Lowry v. Commonwealth, 365 Pa. 474, 76 A.2d 363; Stephenson v. City of Raleigh, 232 N.C. 42, 59 S.E.2d 195; Texas Prison Board v. Cabeen, Tex.Civ.App., 159 S.W.2d 523; Jones v. Scofield Bros., D.C.Md., 73 F.Supp. 395.

■ The chapter containing § 41–3301, I.C., was amended in 1955 by the addition of § 41–3305, which contains an express waiver of immunity to the extent of liability insurance carried. When a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment. In re Segregation of School Dist. No. 58, 34 Idaho 222, 200 P. 138; Moody v. State Highway Dept., 56 Idaho 21, 48 P.2d 1108; United Pacific Ins. Co. v. Bakes, 57 Idaho 537, 67 P.2d 1024. That rule applied to this case would mean that, prior to the 1955 amendment, the act contained no waiver of immunity.

■ The insurance policy which is pleaded and attached to the complaint contains the following pertinent provisions:

"No action shall lie against the Company * * * until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability."

The policy further provides that the insurance company will defend any suit against the insured even though groundless, false or fraudulent, and will pay all expenses connected with such suit in addition to the applicable limit of liability of the policy.

The policy also bears an endorsement as follows:

"It is hereby agreed that the Company will not, in case of loss or damage arising under this policy during the term thereof, claim exemption from liability to the named insured by reason of any statute, ordinance or other legal restrictions whereby the named insured by reason of its being a governmental body may be legally exempt from liability for damage, and that in all cases of loss or damage, claims shall be

handled as therein provided the same as though the named insured were a private corporation."

Appellant contends the policy insures the state against liability, and is not merely an agreement to idemnify actual loss. Whether that would be true of the policy without the endorsement, it is clear that the endorsement so modifies printed provisions of the policy as to make it an insurance against liability and not one of mere indemnity. Concerning a similarly endorsed policy, the Kentucky Court of Appeals, said:

"* * * The allegations of the petition as amended and the provisions of the insurance policy set out therein show that the insurance contract in the present case is not an indemnity policy, but is a liability policy issued for the benefit of injured third parties who may sue the insurer when the amount of liability has been determined by a final judgment against the insured. [Authorities cited.] The contract of insurance indemnifies against liability and not against actual loss sustained by the insured, and was entered into with the understanding that the insured could not be compelled to pay any judgment against it. After a judgment has been obtained, the insurer occupies the same relation to the injured party as though the insured had been insolvent and a return of 'no property found' had been made. Certainly, when the insur-

ance company issued the policy it intended really to insure and not to have the board of education pay the premium out of public funds for nothing and make the policy a virtual fraud." Taylor v. Knox County Bd. of Edu., 292 Ky. 767, 167 S.W.2d 700, 702, 145 A.L.R. 1333, at page 1335.

It is apparent from the endorsement that the insurer intended to and did contract to assume and pay damages, to the extent of the policy limits, to persons injured through the negligence of those lawfully operating the forty state automobiles covered by the policy. Otherwise, the premium of some $8500 of public moneys, paid to and received by the insurer for bodily injury and property damage insurance, would have been without consideration. The state is immune and cannot be made liable to pay any judgment which may be entered, nor any of the expense of defending the action. However, in view of the stipulation in the policy, that the insurer cannot be sued until the amount of liability has been determined in an action against the insured, the state must continue as a nominal party defendant for the purpose of trial and judgment in order that the liability of the insurer, if any, may be thus determined and fixed. If a verdict is returned against the state the judgment entered thereon must in terms provide that the state is not liable therefor nor for any costs or expenses involved in the action, and that the judgment

determines the liability of the insurer and fixes the amount of such liability, within the limits of the policy.

The judgment dismissing the action against Hagler is affirmed. The judgment dismissing the action against the State of Idaho is reversed, and the cause is remanded to the trial court for further proceedings in conformity herewith.

Costs to respondent Hagler. No costs against the state.

PORTER, SMITH and McQUADE, JJ., concur.

KEETON, C. J., sat at the hearing, but, due to his absence, did not participate in the decision.