509 P.2d 340

**Manual GARREN, Plaintiff-Appellant,**

**v.**

**Robert E. BUTIGAN, Sheriff, Bonner County, Idaho and United Pacific Insurance Company, Defendants-Respondents.**

**No. 10459.**

Supreme Court of Idaho.

April 19, 1973.

---

Peter G. Leriget, Moscow, for plaintiff-appellant.

No appearance for respondents.

McFADDEN, Justice.

On May 3, 1962, the plaintiff, Manual Garren, purchased five bowling pin setting machines at a sheriff's sale held at the county courthouse in Sandpoint, Idaho.

Bonner County Sheriff, Robert E. Butigan, issued Garren a "Sheriff's Bill of Sale" and a "Sheriff's Certificate of Sale" for the five machines. Upon demand by Garren, Sheriff Butigan refused to deliver two of the machines. Following the refusal, Garren filed a complaint in the Second Judicial District Court on December 21, 1962, against defendant Butigan alleging his failure to deliver the two machines and seeking attorney's fees and damages. The complaint alleged that defendant Butigan as sheriff wrongfully released the two machines to unknown parties.

On April 23, 1963, defendant Butigan moved to quash or dismiss the complaint alleging improper venue and failure to state a claim upon which relief might be granted. By stipulation of the parties on August 26, 1965, the District Court of the Second Judicial District in Latah County denied the motion to quash or dismiss and transferred the case to the District Court of the Eighth Judicial District in Bonner County. In his answer dated September 8, 1965, the defendant generally denied all the allegations of the complaint. The defendant filed a motion on January 1, 1966, to dismiss plaintiff's complaint alleging that the mandatory bond required by I.C. § 6–610 had not been filed.[1] The plaintiff secured and filed a bond of $500 on February 27, 1967. After hearing argument on the motion the district court dismissed the complaint on March 3, 1969. Plaintiff timely appealed from the dismissal of his complaint. The case was submitted to this Court on the basis of the appellant's brief and the record.

In dismissing the complaint the district court relied on Pigg v. Brockman, 79 Idaho 233, 314 P.2d 609 (1957), and I.C. § 6–610, and held that filing a bond was a condition precedent to filing a complaint against Sheriff Butigan. The district court also held that

1. I.C. § 6–610 provides in part that before any action can be filed against a law enforcement officer "the proposed plaintiff, as a condition precedent thereto, shall prepare and file with, and at the time of filing the complaint in any such action, a written undertaking with at least two sufficient sureties in an amount to be fixed by the court * * *."

"[t]he only question here is whether the defendant has timely raised the question [of filing a bond]. In the opinion of this Court he has. In my opinion that timely raised means before proceeding to trial."

Finally, the district court held that appellant's subsequent filing of the required bond failed to satisfy the condition precedent in I.C. § 6–610. In reaching this conclusion the district court cited Monson v. Boyd, 81 Idaho 575, 348 P.2d 93 (1959), for the proposition that the initial failure to file a bond may not be subsequently cured.

On the facts of this case we believe the dispositive issue is whether the defendant waived the bond requirement. The opinion in Pigg v. Brockman, supra, stated:

"[t]he requirement of the statute is not jurisdictional. The undertaking may be *waived* by the defendant. However, the statute is mandatory, so that where it is not complied with, the district court must dismiss the action when appropriate objection is *timely* urged by defendant." (Emphasis added.) 79 Idaho at 238, 314 P.2d at 611.

Neither in Pigg v. Brockman nor in Monson v. Boyd did the court consider what constitutes a waiver of the bond requirement in I.C. § 6–610.

In analyzing this problem the waiver provisions in the Idaho Rules of Civil Procedure will control our discussion. All defenses and matters of avoidance under I.R.C.P. 8(c)[2] must be made in the responsive pleading if a pleading is required, except that defenses (1) through (8) set forth in I.R.C.P. 12(b)[3] may be made by motion before pleading. Except for the defenses of failure to state a claim upon which relief may be granted, failure to state a legal defense to a claim, failure to join an indispensable party, and lack of jurisdiction "[a] party *waives all defenses and objections which he does not present* either by motion as hereinbefore provided [I.R.C.P. 12(b)] or, if he has made no motion, in his answer or reply." (Emphasis supplied.) I.R.C.P. 12(h).[4]

---

2. "Rule 8(c). Affirmative defenses.—In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

3. "Rule 12(b). How defenses and objections presented.—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject-matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party, (8) another action pending between the same parties for the same cause. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by rule 56."

4. "Rule 12(h). Waiver of defenses.—A party waives all defenses and objections which he does not present either by mo-

■ At this point a comparison with the analogous federal rules is helpful. The waiver provision in I.R.C.P. 12(h) is identical to the pre–1966 F.R.Civ.P. 12(h), which stated "A *party waives all defenses and objections* which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *." (Emphasis supplied.) The waiver mechanism in pre-1966 Rule 12(h) was interpreted to include defenses found in Rule 8(c) and Rule 12(b). As a result of the 1966 amendment of F. R.Civ.P. 12(h), the waiver provision no longer specifically applies to "all defenses and objections." In spite of the amendment the authorities uniformly agree that by a textual reading of Rules 8(c), 8(d) and 12(b) all affirmative defenses must be pleaded, or when appropriate, raised by motion under Rule 12(b), or they will be waived. Wright & Miller, Federal Practice and Procedure: Civil §§ 1278, 1394 (with citations); 2A Moore's Federal Practice ¶ 12.23 (with citations); 1A Barron & Holtzoff, Federal Practice and Procedure § 370 (with citations).

I.R.C.P. 12(b) provides that every defense in law or fact must be asserted in a responsive pleading where one is required. Since I.R.C.P. 8(c) requires defenses or matters of avoidance to be set forth affirmatively and I.R.C.P. 12(h) applies to "all defenses and objections" failure to plead defenses and failure to present defenses by pre-answer motion under I.R.C. P. 12(b) [other than those exceptions in I. R.C.P. 12(h)] constitute a waiver only correctable as justice requires under I.R.C.P. 15(a). See, Resource Engineering, Inc. v. Siler, 94 Idaho 935, 500 P.2d 836 (1972);

Bryan and Co. v. Kieckbusch, 94 Idaho 116, 482 P.2d 91 (1971).

■ We must next consider whether the objection to the lack of a bond under I.C. § 6–610 falls within the non-waivable defenses of I.R.C.P. 12(h) or whether it is an affirmative defense under I.R.C.P. 8(c). In *Pigg v. Brockman, supra,* this Court stated that the bond requirement was *not jurisdictional* that it could be *waived,* and that any objection must be *timely* made. Notwithstanding its logic in relation to I.C. § 6–610 this statement eliminated the bond requirement from consideration as a *non-waivable* defense under I.R.C.P. 12(h) and qualified it as a waivable defense under either I.R. C.P. 8(c) or I.R.C.P. 12(b).

In determining whether the bond requirement is a matter of "avoidance or affirmative defense" which must be pleaded in a responsive pleading we emphasize the scope of I.R.C.P. 8(c). Although I.R.C.P. 8(c) enumerates nineteen affirmative defenses, the listing is not intended to be exhaustive or exclusive. I.R.C.P. 8(c) provides that "any other matter constituting an avoidance or affirmative defense" must be pleaded. This catch-all phrase offers no assistance in defining other "matters constituting an avoidance or affirmative defense." Because of this residuary clause Professors Wright and Miller advise caution "[a]s a result, a pleader, in order to avoid waiving an otherwise valid defense, often will decide to set up affirmatively a matter that technically may not be an affirmative defense but nonetheless might fall within the residuary clause of Rule 8(c)." Wright & Miller, Federal Practice and Procedure: Civil § 1271, p. 304.

---

tion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or

at the trial on the merits, and except (2) that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. The objection or defense, if made at the trial, shall be disposed of as provided in rule 15(b) in the light of any evidence that may have been received."

■ Considering the statement in Pigg v. Brockman, supra, and the residuary clause in I.R.C.P. 8(c) the Court concludes that the lack of a bond is a matter of avoidance or affirmative defense. In accordance with our earlier discussion of waiver of defenses under I.R.C.P. 8(c), 12(b) and 12(h), we hold that the defendant waived the right to assert the bonding requirement under I.C. § 6–610 as a defense, since he only raised the issue after his answer. See, generally, Annot. 8 A.L.R. 1512 (1920). Even if the Court had concluded that the bonding requirement was a defense properly assertable under I.R.C.P. 12(b) and not under I.R.C.P. 8(c), the result would nevertheless be the same. Except for the four non-waivable defenses, I.R.C.P. 12(b) motions must be "made before pleading if a further pleading is permitted." Thus, the respondent's answer foreclosed his opportunity to assert the lack of a bond regardless of whether it is considered a defense arising under I.R.C.P. 12(b) or under I.R.C.P. 8(c).

In Pigg v. Brockman, supra, the opinion stated that I.C. § 6–610 "intended to secure to the people of the state maximum protection and effective law enforcement by freeing police officers so far as possible from the fear of petty, harassing, vexatious, and vindictive litigation." 79 Idaho at 243, 314 P.2d at 614. The plaintiff's complaint presents no hint of the motives or facts which the statute seeks to prohibit. In light of the prolonged and dilatory proceedings the plaintiff deserves an adjudication on the merits of his case, and we reiterate "that a motion to dismiss, presented under I.R.C.P. 12(b)(6), has generally been viewed with disfavor because of the probable waste of time in case of a reversal or a dismissal of the action and because the primary objective of the law is to obtain a determination of the merits of the claim." Hadfield v. State, 86 Idaho 561, 568, 388 P.2d 1018, 1022 (1963); Wackerli v. Martindale, 82 Idaho 451, 353 P.2d 782 (1960).

The judgment of dismissal is reversed and the cause remanded for further proceedings. The district court shall reinstate the action. Costs to appellant.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.