516 P.2d 702

**TOM NAKAMURA, INC., a corporation, Plaintiff,**

v.

**G & G PRODUCE COMPANY, INC., a corporation, et al., Defendants.**

**Max LEHMAN, Individually, et al., Counter-Claimants-Respondents,**

v.

**TOM NAKAMURA, INC., a corporation, and St. Paul Fire & Marine Insurance Company (surety on the attachment bond) an insurance corporation, Counter-Defendants-Appellants.**

**R. A. WARNOCK, Plaintiff,**

v.

**G & G PRODUCE COMPANY, INC., a corporation, et al., Defendants.**

**Max LEHMAN, Individually, et al., Counter-Claimants-Respondents,**

v.

**R. A. WARNOCK and Western Surety Company (surety on attachment bond) an insurance company, Counter-Defendants-Appellants.**

**Nos. 11106 and 11126.**

Supreme Court of Idaho.

Oct. 2, 1973.

owned by Garrison and Lehman. Upon remand the trial court found that the partnership was not estopped to claim damages for wrongful attachment and entered judgment in favor of respondents, Max Lehman and Lonnie Garrison against Tom Nakamura, Inc. and St. Paul Fire & Marine Insurance Company and against R. A. Warnock. The trial court also awarded attorneys fees. The appellants appeal from this judgment.

The appellants on remand failed to submit any additional evidence concerning estoppel to the trial court. Appellants contend that the original record establishes that the respondents should be estopped to claim damages for wrongful attachment.

In the previous appeal the court emphasized its concern over whether the respondents should be estopped from recovering damages for wrongful attachment. In remanding the matter for consideration of liability the court stated:

> "*It is unclear from the record before us* precisely what representations, if any, were made by Lonnie Garrison to Nakamura and Warnock concerning the ownership of the potato crop. Whether the representations were such as to induce Warnock and Nakamura to levy attachment of the potato crop under the belief *that they were owned by either Lonnie* Garrison, individually, or G & G corporation, *is likewise unclear from the record before us.*" (Emphasis supplied.) 93 Idaho at 187, 457 P.2d at 426.

Peter J. Boyd, Elam, Burke, Jeppesen, Evans & Boyd, Boise, for appellants.

William J. Brauner, Brauner, Fuller & Doolittle, Caldwell, and John Hjellum, II, Boise, for respondents.

McFADDEN, Justice.

The two cases here on appeal were previously before the court and the facts relevant to this appeal are reported in Nakamura, Inc. v. G & G Produce Co., 93 Idaho 183, 457 P.2d 422 (1969). In the previous decision we remanded the cases to the trial court to determine whether the respondents were estopped to claim damages for wrongful attachment of a potato crop

Because there is no new evidence either of Lonnie Garrison's representations to Nakamura and Warnock concerning ownership of the potato crop or Warnock's or Nakamura's reliance on Garrison's representations, we are in the same position as in the first appeal. The trial court has found against appellants on these points. The burden of establishing estoppel was on the appellants. C. H. Elle Const. Co. v. Western Cas. & S. Co., 261 F.2d 533 (9th Cir., 1958); State v. Charlton, 71 Wash.2d 748, 430 P.2d 977 (1967). See, Garren v. Butigan, 95 Idaho 355, 509 P.2d 340

(1973); Collard v. Universal Auto. Ins. Co., 55 Idaho 560, 45 P.2d 288 (1935).

Judgment affirmed. Costs to respondent.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.